# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| RYCKMAN CREEK RESOURCES, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 16-10292 (KJC) |
| | ) | Jointly Administered |
| | ) | |
| Ryckman Creek Resources, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 16-51501 (KJC) |
| | ) | D.I. 26 |
| William Insulation Company, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER REGARDING RYCKMAN'S MOTION FOR JUDGMENT ON THE PLEADINGS[1]

**BY:   KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE**

### FACTS

On February 2, 2016, the Debtors filed petitions for relief under chapter 11.

On March 24, 2016, the Court entered a final order in the chapter 11 cases authorizing the

Debtors to obtain postpetition financing on a secured, superpriority basis (the "DIP Order")[2] from

certain prepetition lenders (the "Prepetition Lenders").

---

[1] This Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

[2] Under the DIP Order, the Debtors stipulate that the Prepetition Lenders are secured by "valid, enforceable, properly perfected, first priority, and unavoidable liens" encumbering substantially all of Ryckman's assets. DIP Order ¶ F.1. Subject to the right to bring a Challenge Action, this stipulation is binding on "the Debtors and all other persons, entities, and/or parties in all circumstances," and "the validity, extent, priority, perfection, enforceability, and non-avoidability" of the Prepetition Lender Liens

On April 8, 2016, William Insulation Company ("William Insulation") filed proof of claim number 62 asserting a secured claim, arising out of an oil and gas lien, in the amount of $6,118,293.69.

On April 11, 2016, ING Capital LLC, as the administrative agent and collateral agent ("ING" or the "Agent") filed a proof of claim on behalf of the Prepetition Lenders pursuant to the Second Amended and Restated Credit Agreement.

On September 23, 2016, Ryckman initiated this adversary proceeding against William Insulation (D.I. 1).

On December 15, 2016, William Insulation filed an answer and affirmative defenses (D.I. 23).

On January 6, 2016, the Debtors filed a motion for judgment on the pleadings against William Insulation (the "Motion") (D.I. 26), and ING joined. The Debtors seek judgment in its favor on Count I of its Complaint.


STANDARD

The Debtors move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP"), made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure ("FRBP"). When deciding a FRCP 12(c) motion for judgment on the pleadings based on an allegation that the plaintiff has failed to state a claim, the motion "is analyzed under the same standards that apply to a FRCP 12(b)(6) motion."[3] That is, the court must view all

---

is not subject to challenge by "the Debtors or any other person, entity, or party." DIP Order ¶ 24. Pursuant to the DIP Order, a "Challenge Action" is defined as an action challenging the validity, extent, priority, perfection, enforceability, and non-avoidability of the Prepetition Lender Liens. *See* DIP Order ¶ 27.A.
[3] *Revell v. Port Auth.,* 598 F.3d 128, 134 (3d Cir. 2010), *cert. denied,* 131 S.Ct. 995, 178 L.Ed.2d 825 (Jan. 18, 2011).

facts and inferences drawn from the pleadings in the light most favorable to the non-moving party.[4] The motion can be granted only if no relief could be afforded under any set of facts that could be proved.[5] However, the court need not adopt conclusory allegations or statements of law.[6] Judgment on the pleadings will only be granted if it is clearly established that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law.[7]

## DISCUSSION

Ryckman asserts, among other things, that William Insulation is barred – under the doctrines of waiver, *res judicata*, estoppel and release, and law of the case – from now asserting priority over the Prepetition Lenders' liens because it failed to file a Challenge Action in the manner and within the timeframe specified in the DIP Order. In response, William Insulation offers a number of arguments in opposition to the Motion, one of which implicates a due process issue. The relief requested in the Motion would require the Court to look outside the pleadings to resolve facts that are in dispute. The Motion, therefore, will be denied.

---

[4] *Green v. Fund Asset Mgmt., L.P.,* 245 F.3d 213, 220 (3d Cir. 2001).
[5] *Data Engine Techs. LLC v. Google Inc.,* 2016 WL 5667485, at *1–2 (D. Del. Sept. 29, 2016) (citing *Turbe v. Gov't of the Virgin Islands,* 938 F.2d 427, 428 (3d Cir. 1991)).
[6] *Paoli v. Delaware,* C.A. No. 06–462–GMS, 2007 WL 4437219, at *1 (D. Del. Dec.18, 2007) (citing *In re Gen. Motors Class E Stock Buyout Sec. Litig.,* 694 F.Supp. 1119, 1125 (D. Del. 1988)).
[7] *Halpert on behalf of AsiaInfo-Linkage, Inc. v. Zhang,* 47 F. Supp. 3d 214, 216 (D. Del. 2014) (citing *Jablonski v. Pan Am. World Airways, Inc.,* 863 F.2d 289, 290 (3d Cir.1988)).

For the reasons set forth above, the Motion for Judgment on the Pleadings is hereby

**DENIED**.


BY THE COURT:


KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE


Dated:  February 22, 2017

cc:  Sarah E. Pierce, Esquire[8]

---

[8] Counsel shall serve a copy of this Opinion and Order upon all interested parties and file a Certificate of Service with the Court.